IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBINSON O. MBAKA, | § | |
|     Petitioner, | § | |
| vs. | § | No. 3:09-CV-1109-O-BH |
| | § | |
| JANET A. NAPOLITANO, | § | |
| et al., | § | |
|     Respondents. | § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is *Defendants' Motion to Dismiss* ("Mot. Dismiss"), filed on November 24, 2009, (doc. 12). Based on the relevant filings and applicable law, the motion should be **GRANTED**.

**I. BACKGROUND**

Petitioner, a native and citizen of Kenya, legally entered the United States in January 1989 as a student. His status was adjusted to that of a conditional permanent resident in June 1990 based upon his marriage to a United States citizen. After his wife died on April 7, 1991, he sought to have the conditional status removed, but his petition was denied on November 12, 1992.

On April 26, 1993, an immigration judge ("IJ") granted Petitioner voluntary departure after finding him deportable because he was ineligible for a change in status and had not presented evidence indicating extreme hardship. Petitioner appealed to the Board of Immigration Appeals ("BIA") on May 5, 1993, and the case was remanded on June 30, 1999, so that Petitioner could prove eligibility for a hardship waiver. When neither Petitioner nor his attorney appeared at a hearing on September 7, 1999, Petitioner was ordered removed in absentia. After he was arrested

by immigration officials in October 2008, Petitioner moved to stay his removal and reopen his immigration case based on lack of notice of the 1999 hearing. Both motions were denied by January 30, 2009, and Petitioner's subsequent appeal to the BIA was dismissed on May 18, 2009.

On or about June 12, 2009, Petitioner filed this action to challenge the determination that he lost his alien-spouse status when his wife died. (*See* Pet. Writ Mandamus and Compl. for Decl. and Injunctive Relief ("Pet."), doc. 1, at 1-2.) He seeks to compel Respondents to rule that he is eligible for an adjustment of status under 8 U.S.C. § 1255(d) and to reopen, resolve, and readjudicate his request for adjustment of status to a Legal Permanent Resident ("LPR"), including removing conditions on his permanent residency. (*Id.*)

On November 24, 2009, Respondents moved to dismiss this action for lack of jurisdiction, or alternatively, to transfer the action as a petition for review to the Fifth Circuit Court of Appeals. (*See* Mot. Dismiss at 1-2; Br. Supp. at 1-12.) Petitioner filed no response to the motion, and the issues are ripe for consideration.

## II. ANALYSIS

Respondents challenge this Court's jurisdiction under Fed. R. Civ. P. 12(b)(1). (*See* Mot. Dismiss at 1; Br. Supp. at 1, 5-10.)

**A. Legal Standard**

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenges a federal court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal

forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

The district court may dismiss for lack of subject matter jurisdiction based on (1) the initial pleading alone; (2) the pleading supplemented by undisputed facts in the record; or (3) the pleading supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A motion to dismiss based on the pleading alone presents a "facial attack" that requires the court to merely decide whether the allegations in the initial pleading, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F. 2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id.* Facial attacks are usually made early in the proceedings. *Id.* When the evidence is presented with the motion to dismiss, then the attack is "factual" and "no presumptive truthfulness attaches to [the] allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413. A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Regardless of the nature of attack, the party asserting jurisdiction constantly carries the burden of proof to establish that jurisdiction does exist. *Ramming*, 281 F.3d at 161.

In this case, because Respondents support their 12(b)(1) motion with evidence outside the petition (*see* Exs. C through G, attached to Mot. Dismiss), the motion represents a factual attack on the Court's jurisdiction. However, Petitioner does not contest the facts within the proffered evidence and no disputed facts must be resolved.

## B. Jurisdiction

Respondents argue that 8 U.S.C. §§ 1252(a)(5) and (b)(9) preclude jurisdiction in this Court.

3

(Br. Supp. at 5-10.)

Since the Real ID Act was passed in 2005, § 1252(a)(5) has "divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007). In addition, § 1252(b)(9) requires petitioners to consolidate their questions for judicial review exclusively in a petition for review in the appropriate appellate court.[1] These two "jurisdiction-channeling provisions" require aliens subject to removal to pursue adjustment of status through a motion to reopen their removal proceedings with the IJ followed by a petition for review of the final removal order. *Akinmulero v. Holder*, No. 09-20193, 2009 WL 3028245, at *2-3 (5th Cir. Sept. 23, 2009).

The Real ID Act also amended the jurisdiction-stripping provision of § 1252(a)(2). *See Kucana v. Holder*, ___ U.S. ___, No. 08-911, 2010 WL 173368, at *5 n.1 (Jan. 20, 2010); *Alvarado de Rodriguez v. Holder*, 585 F.3d 227, 233-34 (5th Cir. 2009). Section 1252(a)(2)(B) strips all courts of jurisdiction to review "(i) any judgment regarding the granting of relief under section . . . 1255" of Title 8 of the United States Code or (ii) any "other decision or action of the Attorney General or the Secretary of Homeland Security" which is specified as discretionary under Subchapter II of Chapter 12 of Title 8, "except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings".[2] Under subparagraph

---

[1] Section 1252(b)(9) provides:
    Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

[2] Section 1252(a)(2)(B)(ii) has one exception for granting relief under § 1158(a), which concerns asylum and is not at issue here.

(D), the courts of appeal retain jurisdiction over "constitutional claims or questions of law" through the petition-for-review process.

In this case, Petitioner is subject to a final order of removal and challenges a legal determination that he lost his alien-spouse status when his spouse died. (Pet. at 1-4.) He also seeks to compel a ruling that he is eligible for an adjustment of status under § 1255(d) and to compel the reopening of his request for adjustment of status. (*Id.*) Part of his petition is based on a denial of due process and effective assistance of counsel. (*Id.* at 15-18.) Because all of these matters arise from Petitioner's removal proceedings, they lie within the exclusive jurisdiction of the Fifth Circuit through the petition-for-review process, and this Court lacks jurisdiction. *See* 8 U.S.C. §§ 1252(a)(2)(D), (a)(5), and (b)(9); *Kucana*, 2010 WL 173368, at *11 (holding that the appellate courts retain jurisdiction to review BIA denials of motions to reopen, which are discretionary decisions made pursuant to immigration regulations); *Strokous v. Mukasey*, 308 Fed. App'x 76, 78 (9th Cir. 2009) (eligibility for an adjustment of status under § 1255(d) lies within the appellate jurisdiction through a petition for review); *Chuan Zhi Yu v. Mukasey*, 262 Fed. App'x 566, 566 (4th Cir. 2008) (same).[3]

## C. **Transfer**

When a court determines it lacks jurisdiction over an action, it must either dismiss the action or, in the interests of justice, transfer it to a court of proper jurisdiction. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988) (mentioning both options); 28 U.S.C. § 1631

---

[3] Although an adjustment of status is ultimately left to the discretion of immigration authorities, the appellate courts retain jurisdiction to consider whether immigration authorities are properly construing the law, i.e., § 1255(d), that they have the discretion to apply. *See Choin v. Mukasey*, 537 F.3d 1116, 1121 n.5 (9th Cir. 2008); *Markovski v. Gonzales*, 486 F.3d 108, 110 (4th Cir. 2007). When an alien is statutorily eligible for an adjustment of status under § 1255 but the adjustment is denied as a matter of discretion, § 1252(a)(2)(B)(i) deprives all courts of jurisdiction to review the discretionary denial. *See Hadwani v. Gonzales*, 445 F.3d 798, 800 (5th Cir. 2006) (addressing § 1255(a)).

(permitting transfers to cure want of jurisdiction); Fed. R. Civ. P. 12(h)(3) (directing courts to dismiss actions over which it lacks jurisdiction). A transfer to the court of appeals is permissible under 28 U.S.C. § 1631 when that court "would have been able to exercise jurisdiction on the date that the case was filed in the district court, the district court lacked jurisdiction over the case, and the transfer is in the interest of justice." *Bentley v. Gonzales*, 194 Fed. App'x 200, 201 (5th Cir. 2006).

In this case, the filings and applicable law support finding that the Fifth Circuit would have had jurisdiction to at least review "constitutional claims and questions of law" brought in a petition for review filed within thirty days of the May 18, 2009 decision.[4] *See* 8 U.S.C. §§ 1252(a)(2)(D) (recognizing that "certain legal claims" are not excluded from judicial review in a petitioner for review), (b)(1) (establishing a thirty-day deadline for filing a petition for review); *Moreira*, 509 F.3d at 712 (recognizing that denials of motions to reopen and reconsider may be reviewed through a petition for review); *Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 676 (5th Cir. 2003) (holding that the thirty-day deadline is jurisdictional); *Ijemba v. Mukasey*, 263 Fed. App'x 407, 408 (5th Cir. 2008) (per curiam) (same). Were the Court to dismiss this action, Petitioner would be unable to satisfy the thirty-day, jurisdictional requirement for filing a petition for review regarding the May 18, 2009 BIA decision. Consequently, the interests of justice favor transferring the action to the Fifth Circuit as a petition for review. *See Geronimo v. Mukasey*, 535 F. Supp. 2d 808, 811 (W.D. Tex. 2008) (finding the interests-of-justice prong satisfied under similar facts). The Court should grant Respondents' motion to dismiss and transfer this action to the Fifth Circuit Court of Appeals.

---

[4] Respondents agree that the Fifth Circuit would have been able to exercise jurisdiction over a petition for review filed on June 12, 2009, to address the BIA's May 18, 2009 decision but contend that the Fifth Circuit would not be able to exercise jurisdiction over all portions of the petition filed here. (*See* Br. Supp. at 10-11.)

## III. RECOMMENDATION

*Defendants' Motion to Dismiss*, filed on November 24, 2009, (doc. 12), should be **GRANTED** and this action should be **TRANSFERRED** to the Fifth Circuit Court of Appeals as a petition for review pursuant to 28 U.S.C. § 1631.

**SO RECOMMENDED on this 11th day of February, 2010.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

7